

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 5560 | DATE | 11/15/2002 |
| CASE TITLE | Saini vs. Perryman, et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum Opinion and Order. For the reasons set forth in this memorandum opinion and order this case is dismissed. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 18 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 8 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TP | courtroom deputy's initials | 02 NOV 15 PM 4:41 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Manmohan Singh Saini )
    Petitioner, )
 )
 ) Judge Ronald Guzman
vs. )
 ) 02 CV 5560
Brian Perryman, in his )
capacity as District Director )
of the Immigration and Naturalization )
    Respondent. )

## MEMORANDUM OPINION AND ORDER

**DOCKETED NOV 1 8 2002**

Pending is Respondents Brian Perryman, District Director of the Chicago District Office of the Immigration Naturalization Service, and the United States Justice Departments motion to dismiss for lack of jurisdiction Petitioner Manmohan Singh Saini's petition for habeas relief. For the reasons set forth below this motion is hereby granted.

## FACTS

Petitioner is a native and citizen of India. (Petit. pg. 2). Petitioner's father, a U.S. citizen, was politically active in India, as a Sikh, and consequently tortured by the authorities. (*Id.*). As a result, Petitioner's father fled from India in 1985 to the United States. (*Id.*) The Petitioner, his mother and his two siblings were left behind. (*Id.*) When Petitioner was twelve years old, men came to his family home and dragged his mother from the house, where she was shot and killed. (*Id.*) The next day, the Petitioner's family home was set on fire. (*Id.*) The

1



Petitioner came to the United States in 1993, as a lawful permanent resident. (*Id.*) The Petitioner has resided in the United States ever since. (*Id.*) On March 3, 1997, the Petitioner plead guilty to two charges for retail theft and one charge for burglary to an automobile in the Circuit Court of Cook County. (*Id.*) He was sentenced to three years incarceration at the Illinois Department of Corrections. (Petit. pg. 2-3).

"The Immigration and Naturalization Service commenced removal proceedings by filing a Notice to Appear on April 30, 1997 charging the petitioner as deportable under Sections 237(a)(2)(A)(iii), and 237(a)(2)(A)(ii) of the Immigration and Nationality Act." (Govt. Ex. 1). "At a Removal hearing held on December 11, 1997, the Petitioner was ordered removed to India." (*Id.*) "An appeal from this decision was dismissed by the Board of Immigration Appeals on September 23, 1998. (*Id.*) "On July 2, 1999, the petitioner filed a motion to reopen for Torture Convention protection." (*Id.*) "On September 10, 1999, the Board of Immigration Appeals reopened and remanded the case to the Immigration Judge for a Torture Convention hearing." (*Id.*). "Before going forward on the Torture Convention claim, the Petitioner requested a custody/bond redetermination." (*Id.*) The Immigration Judge denied release of the Petitioner on bond. (*Id.*)

Upon remand for Torture Convention Relief, the immigration judge denied petitioner the request and the petitioner appealed that decision to the Board of Immigration Appeals. (Govt. Ex. 2). On appeal, the Board of Immigration Appeals affirmed the decision of the immigration judge, finding that the "immigration judge had properly concluded that he failed to present evidence sufficient to meet his burden of demonstrating that he is more likely than not to be tortured by, or at the instigation of, or with the consent or acquiescence, of, a public official or

other person acting in an official capacity if he were to return to India." (Govt. Ex. 3). Petitioner has exhausted all of his appeals and administrative remedies. A final order of removal has been issued against him.

"Petitioner filed an Emergency Motion for Stay of Removal on August 6, 2002, in an effort to prevent the INS from removing him to India." (Emerg. Petition). "Petitioner sought a stay of removal from the District Director, however that stay request was denied." (Emerg. Petit. ¶9). "The Petitioner filed a petition for habeas corpus seeking a stay of his removal pending the application for, and adjudication of his pardon request before the Governor of the State of Illinois." (*Id.* at ¶8).

Respondents move to dismiss this petition pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of jurisdiction and for failure to state a claim upon which relief can be granted For the reasons set forth in this Memorandum Opinion and Order, respondent's motion to dismiss is granted.

## DISCUSSION

In ruling on a motion to dismiss, a court must presume all of the well-pleaded allegations of the complaint to be true. *Mariee v. DeKalb County*, 433 U.S. 25, 27 (1977). A court must review those allegations in the light most favorable to the petitioner. *Gomez v. Ill. State Bd. Of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal under Rule (12)(b)(6) is proper only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion to dismiss does not test whether the plaintiff will prevail on the merits, "but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 10 F.3d 492, 498 (7th Cir. 1993).

3

A.  **Jurisdiction over Petitioner's Petition for Writ of Habeas Corpus and Request for Stay of Deportation**

The Petitioner argues that this Court has jurisdiction over his petition for writ of habeas corpus. However, the petitioner is erroneous in his assertion. "In 1996 Congress amended the Immigration and Nationality Act (INA) by way of the Antiterrorism and Effective Death Penalty Act (AEDPA), and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA)." *Singh v. Reno*, 182 F.3d 504, 507 (7th Cir. 1999). Consequently, "judicial review of deportation orders were greatly curtailed and, in the case of certain classes of criminal aliens, virtually extinguished." *Id.* at 507. "§§ 440(a) of the AEDPA amended §§ 106 of the INA to provide that 'any final order of deportation against an alien who is deportable by reason of having committed a [covered] criminal offense shall not be subject to review by any court. *Id.* Covered criminal offenses are those included within section 241(a)(2)(A)(i), section 241(a)(2)(A)(ii), section 241(a)(2)(A)(iii) of the INA. *Yang v. INS*, 109 F.3d 1185, 1188 (7th Cir. 1997). Section 241(a)(2)(A)(i) declares any alien who is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien provided lawful permanent resident status under section 245) deportable. *Id.* at 1188. Section 241(a)(2)(A)(ii) declares any alien who at any time after entry is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefore and regardless of whether the convictions were in a single trial deportable. *Id.* And finally, Section 241(a)(2)(A)(iii) declares any alien who is convicted of an aggravated felony at any time after entry deportable. *Id.*

Furthermore, in *LaGuerre v. Reno*, the Court of Appeals for the Seventh Circuit held that

4

although "the 1996 Amendments generally foreclosed judicial review of deportation orders by way of habeas corpus, a safety valve remained whereby deportees could seek direct review of substantial constitutional issues in the courts of appeals." *LaGuerre v. Reno*, 164 F.3d 1035, 1038-1040 (7th Cir. 1998). "Administrative agencies, although they may consider constitutional claims, lack the authority to deal with them dispositively; the final say on constitutional matters rests with the courts." *Singh*, 182 F.3d at 508. "Thus, access to the courts of appeals enables an alien to mount what is in effect a collateral constitutional challenge to deportation proceedings." *Id.* at 508. These rules apply if a petitioner's deportation proceedings were initiated before April 1, 1997 and his appeal was dismissed by the BIA after October 30, 1996. *Id.* The Petitioner's claim satisfies both deadlines therefore these rules shall apply to his claim.

In *Singh v. Reno*, the Court of Appeals for the Seventh Circuit held that the district court below lacked subject matter jurisdiction over a petitioner's writ for habeas corpus and request for stay of deportation since the petitioner was convicted of a covered criminal offense. *Id.* The same is true in this instance. Petitioner was convicted of three covered criminal offenses. Petitioner was convicted of aggravated felony and two crimes involving moral turpitude. Petitioner plead guilty to two charges of retail theft and one charge of burglary to an automobile.

Therefore, this Court finds that it does not have subject matter jurisdiction over the Petitioner's petition for writ of habeas corpus or thus for his request for stay of deportation. Respondent's motion to dismiss Petitioner's petition is therefore granted.

**B.     Petitioner's Constitutional Claim**

The Petitioner argues that deporting him prior to the adjudication of his request for a pardon would frustrate his due process rights under the Fifth Amendment. (Petit. pg. 3.).

5

Whether such an argument raises a constitutional issue is not for this Court to determine. Deportees must seek direct review of substantial constitutional issues in the Courts of Appeals. *LaGuerre*, 164 F.3d at 1038-1040. The Petitioner has brought his alleged constitutional claim to the wrong court. Furthermore, this Court agrees with Respondents that *St Cyr*, 121 S. Ct. 2271 (2001) does no apply to this case. The Petitioner must seek direct review of any constitutional claim he may have in the Court of Appeals.

## **CONCLUSION**

For the reasons set forth above this case is dismissed. This is a final and appealable order.

ENTERED:                                SO ORDERED.


                                        Honorable Ronald A. Guzman
                                        U.S. District Judge